UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHERMAN WESTBROOK | : | CASE NO. 21-476 |
| 2414 Harper Avenue | | |
| Cincinnati, OH 45212 | : | |
| | | |
| Plaintiff | : | |
| | | |
| v. | : | |
| | | |
| | | |
| CITY OF CINCINNATI | : | Judge |
| 801 Plum Street | | |
| Room 214 | : | |
| Cincinnati, OH 45202 | | |
| | : | |
| OFFICER RASHEEN JENNINGS | | |
| Police Officer, individually and officially | : | |
| 801 Plum Street – Room 214 | | COMPLAINT AND JURY |
| Cincinnati, OH 45202 | : | DEMAND |
| | | |
| OFFICER KENNETH DOTSON | : | |
| Police Officer, individually and officially | | |
| 801 Plum Street – Room 214 | : | |
| Cincinnati, OH 45202 | | |
| | : | |
| OFFICER BRANDON DEAN | | |
| Police Officer, individually and officially | : | |
| 801 Plum Street – Room 214 | | |
| Cincinnati, OH 45202, | : | |
| | | |
| Please serve: | : | |
| Andrew W. Garth | | |
| City Law Director | : | |
| 801 Plum Street- Room 214 | | |
| Cincinnati, OH 45202 | : | |
| | | |
| Defendants. | : | |

1

This case involves the unlawful tasing of a citizen in the eye and lip by Cincinnati Police Officers, and the failure of the City to take steps to prevent it from happening.

## PARTIES

1.  Plaintiff Sherman Westbrook ("Westbrook") was at all times relevant, a resident of Hamilton County, Ohio.

2.  Defendant Rasheen Jennings ("Jennings") was, at all times relevant, a duly sworn and active Cincinnati Police Officer.  Defendant Jennings acted under color of law and the power of his authority as a Police Officer to intentionally violate Plaintiff's constitutional rights.  Defendant Jennings is sued in his individual and official capacities.

3.  Defendant Kenneth Dotson ("Dotson") was, at all times relevant, a duly sworn and active Cincinnati Police Officer.  Defendant Dotson acted under color of law and the power of his authority as a Police Officer to intentionally violate Plaintiff's constitutional rights.  Defendant Dotson is sued in his individual and official capacities.

4.  Defendant Brandon Dean ("Dean") was, at all times relevant, a duly sworn and active Cincinnati Police Officer.  Defendant Dean acted under color of law and the power of his authority as a Police Officer to intentionally violate Plaintiff's constitutional rights.  Defendant Dean is sued in his individual and official capacities.

5.  Defendant City of Cincinnati (hereinafter referred to as "City") was at all times relevant, a municipality.  Defendant City is liable to Plaintiff for maintaining a policy or policies that resulted in the deprivation of Plaintiff's rights.

2

**JURISDICTION**

6.   Jurisdiction is properly in this Court.  This matter is brought pursuant to 28 U.S.C. sec. 1331 and 1343(4) et seq.  This Court has supplemental jurisdiction over the Ohio state law causes of action asserted herein under 28 U.S.C. sec. 1367.

7.   This matter is brought pursuant to 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1988 and Fourth and Fifth Amendments to the United States Constitution applicable to the State of Ohio through the Fourteenth Amendment of the United States Constitution.

8.   The incident that is the subject of this action occurred in Hamilton County, Ohio.

**STATEMENT OF FACTS**

9.   On July 26, 2019, Plaintiff and his son with the permission of Plaintiff's girlfriend went to her apartment at 4047 Reading Rd. in the early afternoon.

10. Plaintiff had been in the apartment for several hours watching television while his son was sleeping when he heard a loud banging on the front door to the apartment.

11. Plaintiff went to the door to look through the peephole and before he was able to look out, the door flew open and broke off its hinges.

12. Plaintiff was pinned between the door and the wall.

13. Defendants entered the apartment and grabbed Plaintiff by the arms.

14. Defendants made no announcement prior to their entry, nor did they identify themselves as police officers.  They were in plain clothes.

15. The Defendants did not have a search warrant.

16.  While Defendants Dean and Jennings had hold of Plaintiff's arms, Jennings

pulled out his taser gun, and aimed the taser point blank 6 to 8 inches away from Plaintiff's face.

17.  Jennings discharged the taser twice, hitting Plaintiff in the eye and mouth.

18. Plaintiff was restrained by Defendant Dean while Jennings tased the Plaintiff.

19.  Plaintiff was not actively resisting while restrained.

20. Defendant Dotson was aiding and encouraging the tasing by Defendant Jennings.

21.   Neither Defendants Dean or Dotson sought to prevent Defendant Jennings from using excessive force on Plaintiff.

22.   After the initial discharge of the taser, Plaintiff collapsed and fell to the ground and defecated and urinated on himself.   The taser was again discharged while he was on the ground.

23.   As a result of Defendants' conduct, Plaintiff suffered serious physical and emotional injuries.

24. Over the past thirteen years, Defendants Jennings and Dean have been the subject of numerous investigations by Internal Investigations and the Cincinnati Citizens' Complaint Authority.

25. The complaints and investigations against Defendants involve allegations of excessive force, wrongful arrests, stealing money from citizens and other violations of law and police procedure.

26. Some of the investigations determined Defendants' conduct to be wrongful and a violation of law and/or police procedures.

27. Despite the number and nature of complaints against Defendants, they retained their authority and positions.

## COUNT ONE

### EXCESSIVE FORCE

28. Plaintiff incorporates by reference the allegations above, as if fully restated herein.

29. Defendants used more force than necessary to effect the arrest of Plaintiff.

30. Defendants' use of force resulted in severe physical pain and injury to Plaintiff's body.

31. At no time did Plaintiff's actions require or warrant Defendants' use of such force in effecting Plaintiff's arrest.

32. Defendants' use of excessive force constitute an intentional and malicious violation of Plaintiff's Fourth Amendment Right to be free from unreasonable seizure made applicable to the states through the Fourteenth Amendment.

33. As a result of Defendant's conduct herein alleged, Plaintiff has experienced, and will continue to experience, severe physical pain, physical injury, emotional distress, suffering, humiliation, mental anguish and embarrassment, and Defendants are liable to Plaintiff for all such damages.

## COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates by reference the allegations above, as if fully restated herein.

35. Defendants' actions were wanton and malicious.

36. Defendants' conduct was extreme and outrageous.

37. Defendants acted with specific purpose to cause Plaintiff to suffer emotional and physical harm.

38. Defendants' conduct had the actual effect of causing Plaintiff to suffer severe emotional distress during and after the incident.

39. Plaintiff suffered severe emotional distress as a direct result of Defendants' actions.

### COUNT THREE

### NEGLIGENT RETENTION

40. Plaintiff incorporates by reference the allegations above, as if fully restated herein.

41. Upon information and belief, Defendants Jennings and Dean have a known history of engaging in irresponsible or dangerous behavior that resulted in physical harm or some other violation of other citizens' civil rights.

42. Defendant Jennings' and Dean's history was, at all times relevant, known to Defendant City of Cincinnati (their employer) as evidenced by multiple complaints with internal investigative bodies.

43. Despite the City's knowledge of Defendants' history, Defendant City of Cincinnati has failed or refused to discipline or remove Defendant Jennings or Dean.

6

44. If Defendant City of Cincinnati had taken steps to discipline or remove Defendants for their prior misconduct, Plaintiff would not have been injured by Defendants on this occasion.

45. Plaintiff's injuries are a direct and proximate result of Defendant City of Cincinnati's Negligent Retention of Defendants.

46. As a direct result of Defendants' conduct, Plaintiff suffered actual physical harm and severe emotional harm.  Defendants are liable for all such harm.

## COUNT FOUR

### VIOLATION OF 42 USC sec. 1983

47. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

48. Defendants, under the color of state law and the authority of their positions, intentionally and purposely deprived Plaintiff of his constitutional rights, as alleged herein.

49. Pursuant to 42 U.S.C. sec. 1983, Defendants are liable to Plaintiff as a result of Defendants' actions.

## COUNT FIVE

### VIOLATION OF 42 USC Sec. 1988

50. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

51. Defendants' violation of Plaintiff's constitutional rights, as alleged herein, is actionable under 42 U.S.C. sec. 1983.

52. Pursuant to 42 USC Sec. 1988, Plaintiff is entitled to recover attorney's fees and costs that were incurred to protect and enforce Plaintiff's constitutional rights.

53. Plaintiff incorporates by reference each of the allegations above, as if fully restated herein.

54. Defendants acted with malice, in bad faith and with the specific intention to harm Plaintiff.

55. Plaintiff was actually harmed as a direct result of Defendants' actions.

56. Plaintiff is entitled to punitive damages for suffering from Defendants' actions.

## CONCLUSION

Wherefore, Plaintiff prays for the Court to do the following:

1.  Enter Judgment for Plaintiff against Defendants, jointly and severally;

2.  Award compensatory damages in an amount to be determined at trial;

3.  Award punitive damages to Plaintiff against Defendants Rasheen Jennings, Kenneth Dotson and Brandon Dean in an amount to be determined at trial;

4.  Award attorney's fees to Plaintiff; and,

5.  Such other relief to which Plaintiff is legally entitled.

Respectfully submitted,

/s/ Fanon A. Rucker_____
Fanon A. Rucker (0066880)
Attorney for Plaintiff
The Cochran Firm Ohio
119 E. Court Street, Suite 102
Cincinnati, Ohio 45202
(513) 381-4878
Fax: (513) 381-7922
frucker@cochranohio.com

8

## JURY DEMAND

Plaintiff Sherman Westbrook hereby demands a trial by jury on all issues triable to a jury.

/s/ Fanon A. Rucker
Fanon A. Rucker